UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                v.

**Hon. Hugh B. Scott**

06CR195E

**Order**

IAN ANTHONY HANNIFORD,

                Defendant.

Before the Court is the Government's oral motion to revoke defendant's bond. Defendant also is separately charged with knowingly using a forged or counterfeited seal of the United States Department of Justice upon a document he circulated in Canada, in violation of 18 U.S.C. §§ 506(a)(2) and 1017, United States v. Hanniford, Case No. 06M2265 (the "second prosecution").

## BACKGROUND

Defendant was indicted for importation of controlled substance, sale, distribution or dispensation of a controlled substance, and smuggling goods into the United States, United States v. Hanniford, Case No. 06CR195 (the "first prosecution"), Docket No. 15. Prior to this Indictment, on October 21, 2005, defendant was released upon a secured bond of $100,000 (Docket No. 7; see Docket No. 9 (Order of Dec. 8, 2005, setting conditions of release)). One condition was for defendant to remain only in the Province of Ontario, Canada, and to come into the United States for court appearances and meetings with counsel or the Probation Office (Docket No. 9, Order condition (7)(i)).

The Criminal Complaint in the second prosecution alleges that, on October 5, 2006, defendant submitted a letter to the Ontario Motor Vehicle Industry Council purporting to bear the United States Department of Justice seal indicating that the charges in the first prosecution were dropped (No. 06M2265, Docket No. 1, Compl. ¶ 6, Ex. B).  Defendant allegedly submitted this letter in order to obtain a business license in that province.

The Court sought briefing on the issues arising from this bail revocation motion and the parties briefed the issue of the extraterritorial effect of the statutes alleged in the second prosecution (No. 06CR195, Docket No. 27, Gov't Memo.; No. 06M2265, Docket No. 5, Def's Reply Memo.).

## DISCUSSION

The sanctions for violating the conditions of release include revocation of release, 18 U.S.C. § 3148(a), under the following conditions.

> "The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer–
>
> > "(1) finds that there is--
> > > "(A) <u>probable cause</u> to believe that the person has committed a <u>Federal, State, or local crime</u> while on release; or
> > > "(B) clear and convincing evidence that the person has violated any other condition of release; and
> > "(2) finds that--
> > > "(A) based on the factors set forth in section 3142(g) of this title [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> > > "(B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> "If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition

> or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. . . ."

18 U.S.C. § 3148(b) (emphasis added).

Defendant argues that the Government lacks jurisdiction to allege the offense in the second prosecution and therefore there is no violation of the release conditions to warrant revocation of the bond in this first prosecution (No. 06M2265, Docket No. 5, Def's Reply Memo. at 1). Alternatively, he argues that, due to this lack of jurisdiction, this Court cannot use this action as a basis either for revoking the bond or for prosecuting him. The Government argues that this Court has extraterritorial jurisdiction regarding these offenses and thus has a power to detain defendant under 18 U.S.C. §§ 3142 and 3146 (No. 06CR195, Docket No. 27).

Putting to one side for the moment the federal offenses noted in the second prosecution and the question of their extraterritoriality (including the dispositive nature of that inquiry), defendant's accused activity may be a violation of local law where they occurred as well as violating the federal statutes cited in the second prosecution. Under § 3148(b)(1), the Court must find that there is probable cause that the defendant had violated local law. "Local crime" in this context the "local" law violated are not defined in the Bail Reform Act, cf. 18 U.S.C. § 3156(a) (definitions), but it means the law where the defendant may be found under the conditions of his release. In this case, the conditions of defendant's release restricted his travel to Ontario and travel to this district for meetings related to this prosecution (No. 06CR195, Docket No. 9, condition (7)(i)). Thus, the pertinent "local" law here would be the laws of Canada and the Province of Ontario.

      Parties are ordered to brief the issue of whether defendant's alleged conduct violated either Ontario and Canadian law. This research is necessary to determine, even on the basis of American probable cause, that defendant committed a "local crime" while on release under the laws of either jurisdiction. The Government may indicate, if it is aware, whether Canadian authorities intend to prosecute (or have commenced prosecuting) defendant for this conduct. Briefs on this issue are due by **December 2, 2006**.

      So Ordered.

                                                                  /s/ Hugh B. Scott
                                                                 Honorable Hugh B. Scott
                                                                 United States Magistrate Judge

Dated: Buffalo, New York
       November 27, 2006